■ Witold Nienajadlo, Respondent, v Infomart New York, LLC, Defendant, and Tishman Technologies, Appellant. (And a Third-Party Action.) [797 NYS2d 504]—

In an action to recover damages for personal injuries, the defendant Tishman Technologies appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated March 23, 2004, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Liability for violations of Labor Law § 240 (1) and § 241 (6) may be imposed against contractors and owners, as well as parties who have been delegated the authority to supervise and control the work such that they become statutory agents of the owners and contractors (*see Russin v Picciano & Son,* 54 NY2d 311 [1981]). A "construction manager charged with the duty of co-ordinating all aspects of a construction project is a contractor with nondelegable duties under sections 240 and 241 of the Labor Law" (*Kenny v Fuller Co.,* 87 AD2d 183, 190 [1982]).

The defendant, Tishman Technologies (hereinafter Tishman), which was hired by the owner of a building as the construction manager of a renovation project, failed to establish its prima facie entitlement to judgment as a matter of law on the plaintiff's causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6). The agreement between Tishman and the owner gave Tishman many of the powers of a general contractor. Therefore, there is a triable issue of fact as to whether Tishman was, in fact, a general contractor or agent of the owner, and it was not entitled to summary judgment on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) (*see Walls v Turner Constr. Co.,* 4 NY3d 862 [2005]; *Aranda v Park E. Constr.,* 4 AD3d 315 [2004]; *Kenny v Fuller Co., supra*). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.