■ Miroslaw Linkowski, Appellant-Respondent, v City of New York, Respondent-Appellant, and Lehrer McGovern Bovis, Inc., et al., Respondents. (And a Third-Party Action.) [824 NYS2d 109]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated June 13, 2005, as denied his motion for summary judgment on the issue of liability, denied his cross application for leave to serve a supplemental bill of particulars, granted the cross motion of the defendant Bovis Lend Lease LMB, Inc., also sued herein as Lehrer McGovern Bovis, Inc., and Lehrer McGovern Bovis Construction Management Corp., for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 241 (6), Labor Law § 200, and common-law negligence, denied that branch of its cross motion which was for summary judgment against the defendant Bovis Lend Lease LMB, Inc., also sued herein as Lehrer McGovern Bovis, Inc., and Lehrer McGovern Bovis Construction Manage-

ment Corp., on its cross claims for common-law and contractual indemnification, and granted the cross motion of the defendant Bovis Lend Lease LMB, Inc., also sued herein as Lehrer McGovern Bovis, Inc., and Lehrer McGovern Bovis Construction Management Corp., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and, upon searching the record, summary judgment is awarded to the defendant Bovis Lend Lease LMB, Inc., also sued herein as Lehrer McGovern Bovis, Inc., and Lehrer McGovern Bovis Construction Management Corp., dismissing the cross claims of the defendant City of New York for common-law and contractual indemnification.

The plaintiff allegedly was injured when he slipped on a wet stairway landing and fell through plastic netting at the edge of the landing four or five feet down to the floor below while performing asbestos removal work at a Department of Sanitation facility owned by the City of New York. The plaintiff claimed that the accumulation of water on the stairway landing was due to a recurrent leak of rainwater from above and that the plastic netting had replaced a portion of the metal stairway railing. He subsequently commenced this action against the City and Bovis Lend Lease LMB, Inc., also sued herein as Lehrer McGovern Bovis, Inc., and Lehrer McGovern Bovis Construction Management Corp. (hereinafter Bovis), the construction manager on the project, to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as common-law negligence. The City asserted cross claims against Bovis for common-law and contractual indemnification. Bovis in turn commenced a third-party action against the plaintiff's employer, Rapid Demolition Company, Inc.

The Supreme Court denied the plaintiff's motion for summary judgment against the City and Bovis on the issue of liability on all causes of action and granted Bovis' cross motion for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it was not a general contractor or statutory agent of the City and did not have the authority to direct, supervise, or control the plaintiff's work. The Supreme Court also granted that branch of the City's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action on the ground that the plaintiff was not exposed to an elevation-related risk, but denied the remaining branches of the City's cross motion which were for

summary judgment dismissing the Labor Law §§ 200, 241 (6), and common-law negligence causes of action, finding that triable issues of fact existed as to whether the City was negligent, and for summary judgment on its cross claims against Bovis for contractual defense and indemnification and common-law indemnification as academic.

The cause of action alleging a violation of Labor Law § 240 (1) was properly dismissed as to the City. The plaintiff's injuries did not result from an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see Caruana v Lexington Vil. Condominiums at Bay Shore*, 23 AD3d 509 [2005]; *Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [1999]; *Barrett v Ellenville Natl. Bank*, 255 AD2d 473 [1998]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666 [2003]).

With respect to the plaintiff's Labor Law § 241 (6) cause of action, to the extent it is predicated upon an alleged violation of 12 NYCRR 23-1.7 (d), the Supreme Court correctly found that triable issues of fact exist as to whether the City violated that regulation by allegedly permitting a slippery condition to exist on the stairway landing (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350-351 [1998]; *Beltrone v City of New York*, 299 AD2d 306, 308 [2002]; *McCraw v United Parcel Serv.*, 263 AD2d 499 [1999]). Contrary to the City's contention, the plaintiff's deposition testimony established that the stairway landing where the accident occurred was a passageway to and from the work site (*see Whalen v City of New York*, 270 AD2d 340, 342 [2000]; *cf. Bruder v 979 Corp.*, 307 AD2d 980, 981 [2003]). Responsibility under Labor Law § 241 (6) "extends not only to the point where the . . . work was actually being conducted, but to the entire site, including passageways utilized in the provision and storage of tools, in order to insure the safety of laborers going to and from the points of actual work" (*Sergio v Benjolo N.V.*, 168 AD2d 235, 236 [1990]; *see also Whalen v City of New York, supra*).

With respect to the plaintiff's common-law negligence and Labor Law § 200 causes of action, summary judgment was properly denied since there are issues of fact as to whether the City created or had actual or constructive notice of the allegedly dangerous condition which caused the plaintiff's accident (*see Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 868-869 [2005]).

The Supreme Court properly granted Bovis' cross motion for summary judgment dismissing the complaint insofar as asserted against it. A party is deemed to be an agent of an owner or gen-

eral contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition (*see Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 331-332 [2005]). It is not a defendant's title that is determinative, but the amount of control or supervision exercised (*see generally Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

Here, in opposition to Bovis' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Bovis was a general contractor or the City's statutory agent for purposes of the Labor Law (*see* Labor Law § 240 [1]; § 241 [6]; *Russin v Louis N. Picciano & Son, supra*). The record demonstrates that Bovis' role was only one of general supervision, which is insufficient to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Damiani v Federated Dept. Stores, Inc., supra*). Similarly, since no evidence was submitted to demonstrate that Bovis had any control or supervisory role over the work of the plaintiff, so as to enable it to prevent or correct any unsafe conditions, there is no triable issue of fact as to Bovis' liability under the Labor Law § 200 or common-law negligence causes of action (*see Singh v Black Diamonds LLC*, 24 AD3d 138, 139-140 [2005]; *Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]).

Since the City failed to establish that, as a matter of law, the plaintiff's accident was caused by the negligence of Bovis or that Bovis had the authority to direct, supervise, or control the plaintiff's work, it was not entitled to summary judgment against Bovis on its cross claims for common-law and contractual indemnification (*cf. Mohammed v Islip Food Corp.*, 24 AD3d 634, 636-637 [2005]; *see Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461 [2005]). Moreover, the City failed to demonstrate that Bovis breached the insurance procurement provision of their contract. To the contrary, since we find that there are no triable issues of fact, we therefore search the record and award summary judgment to Bovis dismissing the City's cross claims for common-law and contractual indemnification. Although Bovis did not move for this relief or cross-appeal, this Court has the authority to search the record and award it summary judgment (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Mohammed v Islip Food Corp., supra*).

The plaintiff's remaining contention is without merit. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.