Jason Yearwood, Respondent, v Post Park, LLC, et al., Defendants, and Dekalb Development Corp., Appellant. [936 NYS2d 562]

In moving for summary judgment dismissing the complaint insofar as asserted against it, the defendant Dekalb Development Corp. (hereinafter Dekalb) failed to meet its initial burden of demonstrating, prima facie, its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deposition testimony of Dekalb's president, who is also a member of the defendant Post Park, LLC (hereinafter Post Park), and a corporate officer of the defendant Corato Contracting Corp. (hereinafter Corato), indicated that Dekalb shared responsibilities and finances with the other defendants so as to present a triable issue of fact as to whether Dekalb was

a general contractor or agent of the owner (*see Nienajadlo v Infomart N.Y., LLC*, 19 AD3d 384 [2005]), or whether it shared responsibility for supervision and safety of the subject construction project (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]). Since Dekalb failed to meet its prima facie burden, we need not address the sufficiency of the plaintiff's opposing papers (*see Healy v Bartolomei*, 87 AD3d 1112 [2011]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). Accordingly, Dekalb was not entitled to summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.