■ MICHAEL HOLIFIELD, Respondent, v SERAPHIM, LLC, et al., Appellants, et al., Defendants. [940 NYS2d 100]—

The defendant Albert Kalimian and his wife, the defendant Manda Kalimian (hereinafter together the Kalimians), created the defendant Manda Kalimian 2003 Irrevocable Trust (hereinafter the Trust) for the purpose of purchasing certain property in Muttontown, Nassau County, and placing it in trust for their two children. The Kalimians were trustees of the Trust. The property was purchased by the Trust with the intent of building a family residence and horse farm on the property. The Trust leased the property to the defendant Seraphim, LLC (hereinafter Seraphim), under a long-term lease. Pursuant to the lease, Seraphim paid all operating expenses with respect to the property, including gas, electric, and labor for a horse stable that was constructed, and paid for all improvements on the property. The Kalimians were the sole officers of Seraphim.

Albert Kalimian hired subcontractors to perform work on the residence and barn that were constructed on the property. The plaintiff, an employee of one of the subcontractors, was assigned to put up rafters in the barn. The plaintiff allegedly was injured when a wooden plank on which he was standing broke and caused him to fall about 20 feet to the ground. The plaintiff commenced this action against the Trust, the Kalimians, and Seraphim, among others, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). The Trust, Seraphim, and the Kalimians moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied the motion.

Labor Law § 240 (1) and § 241 (6) apply to owners, contractors, and their agents (see Labor Law § 240 [1]; § 241 [6]). However, the homeowner's exemption to liability under Labor Law § 240 (1) and § 241 (6) is available to "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]; see Chowdhury v Rodriguez, 57 AD3d 121, 126 [2008]). Here, the Trust, the owner of the property, demonstrated its entitlement to judgment as a matter of law with respect to the homeowner's exemption by establishing that it did not direct or control the work and that the property was intended to be used solely for residential purposes (see Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879, 880 [2010]). The Trust demonstrated that the premises was not an income-producing property, as any commercial benefit received from its financial arrangement with Seraphim was ancillary to the residential purpose of the property (see Bartoo v Buell, 87 NY2d 362 [1996]; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d at 880; Morocho v Marino Enters. Contr. Corp., 65 AD3d 675 [2009]). In response to the Trust's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

Furthermore, the Kalimians and Seraphim demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them by establishing that they were neither an owner, contractor, or statutory agent under those provisions (see Jamindar v Uniondale Union Free School Dist., 90 AD3d 612 [2011]; Ortiz v I.B.K. Enters., Inc., 85 AD3d 1139, 1140-1141 [2011]). Albert Kalimian did not become a general contractor, responsible for supervising the entire construction project and enforcing safety

standards, by virtue of the fact that he visited the property to check on the progress of the work and hired separate contractors to perform different aspects of the work (*see Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 850 [2006]; *Rodas v Weissberg*, 261 AD2d 465 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact.

In his brief, the plaintiff states, with respect to his causes of action alleging common-law negligence and violation of Labor Law § 200, that he "waives" those causes of action.

Accordingly, the Supreme Court should have granted the motion of Seraphim, the Kalimians, and the Trust for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was to strike the first affirmative defense of Seraphim, the Kalimians, and the Trust as academic (*see South Liberty Partners, L.P. v Town of Haverstraw*, 82 AD3d 956, 959 [2011]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 31701(U).]**