JOSEPH SAMAROO et al., Respondents, v PATMOS FIFTH REAL ESTATE, INC., Defendant/Third-Party Plaintiff-Respondent, MAZL BUILDING, LLC, Appellant, and ROTAVELE ELEVATOR, INC., Defendant/Third-Party Defendant-Appellant, et al., Defendants. [959 NYS2d 229]—

In an action to recover damages for personal injuries, the defendant Mazl Building, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated June 30, 2011, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1), 241-a and 241 (6) insofar as asserted against it, and the defendant/third-party defendant, Rotavele Elevator, Inc., appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification and granted that branch of the motion of the defendant/third-party plaintiff, Patmos Fifth Real Estate, Inc., which was for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendant Mazl Building, LLC, and one bill of costs to the defendant/third-party plaintiff, Patmos Fifth Real Estate, Inc., payable by the defendant/third-party defendant, Rotavele Elevator, Inc.

On October 14, 2006, the plaintiffs, Joseph Samaroo and Stephen Herman, were installing rails and brackets in an elevator

shaft as part of a renovation project at a building owned by the defendant/third-party plaintiff, Patmos Fifth Real Estate, Inc. (hereinafter Patmos), when the plank on which they were standing collapsed, causing them to fall several stories to the bottom of the shaft. The plaintiffs were employed by the defendant/ third-party defendant, Rotavele Elevator, Inc. (hereinafter Rotavele), the subcontractor hired to perform the elevator installation. The renovation project was initiated by the building's prior owner, the defendant Mazl Building, LLC (hereinafter Mazl), which had originally hired Rotavele. On March 29, 2006, while the renovation project was ongoing, Mazl had sold the building to Patmos. In doing so, Mazl assigned its contracts with Rotavele to Patmos, including an indemnity contract in which Rotavele agreed to indemnify the building owner, to the extent permitted by law, for injuries arising out of Rotavele's work on the renovation project. On September 17, 2006, Patmos entered into a "Temporary Construction Contract" (hereinafter TCC) with Mazl, in which Mazl agreed, inter alia, to "continue or commence work with good and sufficient material and in a workmanlike manner of work, which is deemed by [Mazl] and which can be done without approval of plans," and to "keep a competent foreman, necessary assistants, and a sufficient number of skilled workmen and laborers to properly and promptly perform the work" at the renovation project site. Following the accident, the plaintiffs commenced this action asserting various Labor Law violations against the defendants. Patmos commenced a third-party action against Rotavele, inter alia, for contractual indemnification.

There is no merit to Rotavele's contention that Patmos was not entitled to seek contractual indemnification against it because the assignment of its indemnity contract with Mazl to Patmos was invalid. Contracts are freely assignable absent a contractual, statutory, or public policy prohibition (see *Allhusen v Caristo Constr. Corp.*, 303 NY 446, 452 [1952]; *Matter of Stralem*, 303 AD2d 120, 122 [2003]; *Sullivan v International Fid. Ins. Co.*, 96 AD2d 555, 556 [1983]; see also General Obligations Law § 13-101). Moreover, Patmos met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on its third-party cause of action against Rotavele for contractual indemnification by establishing that the subject indemnity contract contains no express prohibition as to its assignability, that the assignment was not statutorily barred, and that there was no public policy issue inasmuch as the assignment did not change the scope of Rotavele's indemnity obligation (cf. *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 773-774 [2010]). In opposition, Rotavele failed to raise a

triable issue of fact as to its claim that the indemnity contract was not assignable. Accordingly, the Supreme Court correctly granted that branch of Patmos's motion which was for summary judgment on its third-party cause of action for contractual indemnification against Rotavele, and denied that branch of Rotavele's motion which was for summary judgment dismissing that third-party cause of action.

There is no merit to Mazl's contention that the Supreme Court erred in denying those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1), 241-a and 241 (6) insofar as asserted against it, because it was neither an agent of the owner of the building or a general contractor of the renovation project. " 'A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured' " (*Delahaye v Saint Anns School*, 40 AD3d 679, 683 [2007], quoting *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (*Delahaye v Saint Anns School*, 40 AD3d at 683; *see Linkowski v City of New York*, 33 AD3d at 975). Thus, a defendant's potential liability is based on whether it had the right to exercise control over the work, not whether it actually exercised that right (*see Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]). "Once an entity becomes an agent under the Labor Law it cannot escape liability to an injured plaintiff by delegating the work to another entity" (*McGlynn v Brooklyn Hosp.-Caledonian Hosp.*, 209 AD2d 486, 486 [1994]). Here, Mazl failed to make a prima facie showing of its entitlement to judgment as a matter of law. Specifically, Mazl failed to demonstrate that it lacked the requisite authority to supervise and control the plaintiffs' work, given the terms of the TCC it entered into with Patmos (*see Pino v Irvington Union Free School Dist.*, 43 AD3d 1130, 1132 [2007]). Mazl's reliance on deposition testimony to alter or otherwise explain the unambiguous terms of the TCC is barred by the parol evidence rule (*see Annis v Phillips*, 256 AD2d 531, 531 [1998]).

Moreover, contrary to Mazl's alternative contention, the doctrine of law of the case is not applicable and, thus, does not require dismissal of the plaintiffs' causes of action alleging a violation of Labor Law § 241 (6) insofar asserted against it (*see generally People v Evans*, 94 NY2d 499, 503-504 [2000]). Ac-

cordingly, the Supreme Court correctly denied those branches of Mazl's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1), 241-a and 241 (6) insofar as asserted against it. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur. **[Prior Case History: 32 Misc 3d 1209(A), 2011 NY Slip Op 51217(U).]**