In an action to recover damages for personal injuries, etc., the defendants R.M. Resources, Costco Wholesale Corporation, Ruland-110 Associates, L.E, MS Venture Corp., Better Ruland Road Associates, L.E, and Best Ruland, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 17, 2011, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the motion of the defendant Ingersoll-Rand Company for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted the motion of the defendant IngersollRand Company for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the appeal by the defendants R.M. Resources, Costco Wholesale Corporation, Ruland-110 Associates, L.E, MS Venture Corp., Better Ruland Road Associates, L.E, and Best Ruland, Inc., from so much of the order as granted the motion of the defendant Ingersoll-Rand Company for summary judgment dismissing the complaint insofar as asserted against that defendant is dismissed, as they are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
Ordered that the order is affirmed insofar as appealed from by the plaintiffs and insofar as reviewed on the appeal by the defendants R.M. Resources, Costco Wholesale Corporation, Ruland-110 Associates, L.E, MS Venture Corp., Better Ruland Road Associates, L.E, and Best Ruland, Inc.; and it is further,
Ordered that one bill of costs is awarded to the defendant Ingersoll-Rand Company, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs payable by the defendants R.M. Resources, Costco Wholesale Corporation, Ruland-110 Associates, L.E, MS Venture Corp., Better Ruland Road Associates, L.E, and Best Ruland, Inc.
*860 The plaintiff Stephen Medina (hereinafter the injured plaintiff) allegedly was injured while performing work at a Costco retail store located in Melville, which allegedly was owned by the defendants R.M. Resources, Costco Wholesale Corporation, Ruland-110 Associates, L.P., MS Venture Corp., Better Ruland Road Associates, L.P., and Best Ruland, Inc. (hereinafter collectively the Costco defendants). An employee of the store, after encountering problems with an air compressor, had contacted the manufacturer of the compressor, the defendant Ingersoll-Rand Company (hereinafter Ingersoll-Rand). From a call center located in Tennessee, Ingersoll-Rand relayed the report to its local distributor, K&G Power Systems (hereinafter K&G), which dispatched the injured plaintiff, an employee of K&G, to the store. The injured plaintiff allegedly was injured when he stepped through a drop ceiling and fell 12 to 15 feet to the floor below while attempting to ascertain the source of a leak.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. Ingersoll-Rand moved for summary judgment dismissing the complaint insofar as asserted against it. The Costco defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted Ingersoll-Rand’s motion for summary judgment dismissing the complaint insofar as asserted against it, and denied, as untimely, that branch of the Costco defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents (see Labor Law §§ 240 [1]; 241 [6]; Albanese v City of New York, 5 NY3d 217, 219 [2005]; Holifield v Seraphim, LLC, 92 AD3d 841, 842 [2012]). A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured (see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 804 [2013]; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944 [2013]). Similarly, where, as here, a claim against a defendant arises out of alleged defects or dangers in the methods or materials of the work, recovery cannot be had under Labor Law § 200 or pursuant to the principles of common-law negligence unless it is shown that the party to be charged under that theory of liability had the authority to supervise or control the performance of the work (see Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d 644, 646 [2010]; Ortega v Puccia, 57 AD3d 54, 61 [2008]).
*861 Here, Ingersoll-Rand demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it by establishing that it was neither an owner, a contractor, nor a statutory agent under those provisions (see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d at 804-805; Allan v DHL Express [USA], Inc., 99 AD3d 828, 830 [2012]; Holifield v Seraphim, LLC, 92 AD3d at 842-843). Ingersoll-Rand also established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against it through the submission of evidence which demonstrated that it did not have the authority to supervise or control the manner in which the injured plaintiff performed his work (see Allan v DHL Express [USA], Inc., 99 AD3d at 832; Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d at 646; Ortega v Puccia, 57 AD3d at 61).
In opposition to Ingersoll-Rand’s prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted Ingersoll-Rand’s motion for summary judgment dismissing the complaint insofar as asserted against it.
Furthermore, the Supreme Court properly denied, as untimely, that branch of the Costco defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. The Costco defendants failed to demonstrate good cause for their delay in filing the cross motion (see CPLR 3212 [a]; Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Contrary to the Costco defendants’ contention, the issues raised on their cross motion were not nearly identical to the issues raised on Ingersoll-Rand’s timely motion for summary judgment dismissing the complaint insofar as asserted against it (see Tapia v Prudential Richard Albert Realtors, 79 AD3d 735 [2010]; Bickelman v Herrill Bowling Corp., 49 AD3d 578, 580 [2008]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.