MAGESTIC FINE CUSTOM HOME, Also Known as MAJESTIC CAPITAL PARTNERS LLC, et al., Defendants, and DRAGHI CONTRACTING, Defendant/Third-Party Plaintiff-Appellant. ITALIANO BROS. DRYWALL, INC., Defendant/Third-Party Defendant-Respondent. (And Another Third-Party Action.) [982 NYS2d 498]—

In an action to recover damages for personal injuries, the defendant Draghi Contracting appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated June 4, 2012, as, upon granting that branch of its motion which was for leave to renew its prior cross motion for summary judgment, which had been denied as untimely in an order of the same court dated September 16, 2011, denied those branches of its cross motion which were for summary judgment on its third-party cause of action against Italiano Bros. Drywall, Inc., seeking contractual indemnification, and for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order dated June 4, 2012, is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff and Italiano Bros. Drywall, Inc., and upon renewal, those branches of the cross motion of the defendant Draghi Contracting which were for summary judgment on its third-party cause of action against Italiano Bros. Drywall, Inc., seeking contractual indemnification, and for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it are granted.

In connection with the construction of a single-family home, the plaintiff was working on stilts, taping and spackling the kitchen ceiling, when the stilts allegedly became entangled in an electrical cable or wire on the floor, causing the plaintiff to lose his balance and fall to the ground. The defendant Magestic Fine Custom Home (hereinafter Magestic) was constructing the home and had hired the defendant Draghi Contracting (hereinafter Draghi) to do the framing work and to perform general supervision of the project. Magestic also hired the defendant Italiano Bros. Drywall, Inc. (hereinafter Italiano Bros.), to install the drywall or sheetrock, and Italiano Bros. hired the plaintiff's employer, Nico Drywall Corp., to do taping and spackling work.

The plaintiff subsequently commenced this action, alleging, inter alia, a violation of Labor Law § 241 (6). Draghi Contracting cross-moved for summary judgment, inter alia, dismissing the Labor Law § 241 (6) cause of action, and to recover on its third-party cause of action against Italiano Bros. for contractual indemnification. Upon renewal, the Supreme Court denied those branches of the cross motion.

Draghi demonstrated its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it by establishing that it was not an owner, general contractor, or statutory agent of the owner or general contractor (*see Medina v R.M. Resources*, 107 AD3d 859, 861 [2013]; *Holifield v Seraphim, LLC*, 92 AD3d 841, 842 [2012]; *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 617 [2011]). Draghi did not hire any contractors and was not charged with "the duty of co-ordinating all aspects of [the] construction project" (*Nienajadlo v Infomart N.Y., LLC*, 19 AD3d 384, 385 [2005] [internal quotation marks omitted]; *cf. Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). Rather, Draghi merely assumed a role of "general supervision," pursuant to which it checked the progress of the work and reported to Magestic (*Linkowski v City of New York*, 33 AD3d 971, 975 [2006]; *see Holifield v Seraphim, LLC*, 92 AD3d at 843; *Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 950-952 [2011]). Draghi demonstrated that it did not have the ability to control the activity which brought about the plaintiff's injury (*see Miano v Skyline New Homes Corp.*, 37 AD3d 563, 565 [2007]; *Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d 348, 350-351 [2005]). Thus, Draghi established that it could not be held liable under Labor Law § 241 (6) (*see Medina v R.M. Resources*, 107 AD3d at 861; *Holifield v Seraphim, LLC*, 92 AD3d at 842; *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d at 617; *Rodriguez*

*v JMB Architecture, LLC*, 82 AD3d at 950-952; *Miano v Skyline New Homes Corp.*, 37 AD3d at 565; *Linkowski v City of New York*, 33 AD3d at 974-975; *Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d at 350-351). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, Draghi demonstrated its entitlement to judgment as a matter of law on its third-party cause of action against Italiano Bros. for contractual indemnification, which included attorneys' fees expended in its defense of the action. "Although a clause in a construction contract that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such a clause may be enforced where the party to be indemnified is found to be free of any negligence" (*Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]; *see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 23 AD3d 508 [2005]). Here, Draghi made a prima facie showing that it was free from negligence. Contrary to the Supreme Court's conclusion, the evidence that Draghi "undertook general duties to oversee the work" was insufficient to raise a triable issue of fact as to whether it was negligent and, therefore, not entitled to contractual indemnification (*Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 774 [2010]; *see Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d at 643). In opposition, Italiano Bros. failed to raise a triable issue of fact.

Accordingly, upon renewal, we grant those branches of Draghi's cross motion which were for summary judgment on its third-party cause of action against Italiano Bros. seeking contractual indemnification, and for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against Draghi. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.