■ CHARLES FUCCI et al., Appellants, v DOUGLAS S. PLOTKE, JR., INC., et al., Respondents. (And a Third-Party Action.) [3 NYS3d 67]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 22, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents" (*Medina v R.M. Resources*, 107 AD3d 859, 860 [2013]; *see* Labor Law §§ 240 [1]; 241 [6]; *Albanese v City of New York*, 5 NY3d 217, 219 [2005]; *Holifield v Seraphim, LLC*, 92 AD3d 841, 842 [2012]). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Medina v R.M. Resources*, 107 AD3d at 860; *see Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802, 804 [2013]; *Samaroo v Patmos Fifth Real Estate, Inc.*, 102 AD3d 944, 946 [2013]; *Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 951 [2011]). "Similarly, where, as here, a claim against a defendant arises out of alleged defects or dangers in the methods or materials of the work, recovery cannot be had under Labor Law § 200 or pursuant to the principles of common-law negligence unless it is shown that the party to be charged under that theory of liability had the authority to supervise or control the performance of the work" (*Medina v R.M. Resources*, 107 AD3d at 860; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) by establishing that they were not owners, contractors, or statutory agents under those provisions (*see Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718, 720 [2014]; *Medina v R.M. Resources*, 107 AD3d at 861; *Holifield v Seraphim, LLC*, 92 AD3d at 842-843). The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence through the submission of evidence which demonstrated that they did not have the authority to supervise or control the manner in which the injured plaintiff performed his work (*see Medina v R.M. Resources*, 107 AD3d at 861; *Koat v Consolidated Edison of N.Y., Inc.*, 98 AD3d 474, 475-476 [2012]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *McLeod v Corporation of Presiding Bishop of Church*

*of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]). To the extent that the defendants had general supervisory authority over the work, this was insufficient in itself to impose liability under the Labor Law (*see Rodriguez v JMB Architecture, LLC,* 82 AD3d at 951; *Cambizaca v New York City Tr. Auth.,* 57 AD3d at 702; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d at 798; *Haider v Davis,* 35 AD3d 363, 364 [2006]; *Armentano v Broadway Mall Props., Inc.,* 30 AD3d 450, 451 [2006]).

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.