█ JOSEPH BENNETT, as Guardian of JAMES BENNETT, an Incapacitated Person, Appellant, et al., Plaintiff, v MICHAEL HUCKE et al., Defendants, and ALAN KIRK et al., Respondents. [16 NYS3d 261]—

In an action to recover damages for personal injuries, etc., the plaintiff Joseph Bennett, as guardian of James Bennett, appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated April 5, 2013, as granted the motion of the defendants Alan Kirk and Alan H. Kirk, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them,

and (2) so much of an order of the same court dated January 14, 2014, as denied his motion, denominated as one for leave to renew and reargue his opposition to the motion of the defendants Alan Kirk and Alan H. Kirk, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, but which was, in actuality, a motion for leave to reargue his opposition, and granted that branch of the separate motion of the defendants A&LP Construction Co., Inc., and Andrew Percoco which was for summary judgment dismissing the second cause of action insofar as asserted against Andrew Percoco, individually.

Ordered that the appeal from so much of the order dated April 5, 2013, as granted that branch of the motion of the defendants Alan Kirk and Alan H. Kirk, Inc., which was for summary judgment dismissing all cross claims insofar as asserted against them is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal from so much of the order dated January 14, 2014, as denied the plaintiff's motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to the motion of the defendants Alan Kirk and Alan H. Kirk, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly granted that branch of the motion of the defendants Alan Kirk and Alan H. Kirk, Inc. (hereinafter together the Kirk defendants), which was for summary judgment dismissing the complaint insofar as asserted against them. "Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents" (*Fucci v Douglas S. Plotke, Jr., Inc.*, 124 AD3d 835, 836 [2015], quoting *Medina v R.M. Resources*, 107 AD3d 859, 860 [2013]). However, "prime contractors incur no liability for personal injuries arising out of work not specifically delegated to them" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 315 [1981]). Similarly, a construction manager is generally not considered a "contractor" or "owner" within the meaning of Labor Law §§ 240 (1) or 241 (6), but may nonetheless become responsible for the safety of the workers at a construction site as an agent of the owner or general contractor if it has been delegated the authority to supervise and control the work (*see Walls v Turner Constr. Co.*, 4 NY3d

861, 863-864 [2005]; *Pino v Irvington Union Free School Dist.*, 43 AD3d 1130, 1131 [2007]). " 'A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured' " (*Delahaye v Saint Anns School*, 40 AD3d 679, 683 [2007], quoting *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]).

Here, the Kirk defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging their violations of Labor Law §§ 240 (1) and 241 (6) by submitting evidence that neither Alan Kirk nor Alan H. Kirk, Inc., was a general contractor or an agent of an owner or general contractor with the authority to supervise and control the work of James Bennett (hereinafter the injured plaintiff) (*see Fucci v Douglas S. Plotke, Jr., Inc.*, 124 AD3d at 836; *Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718, 720 [2014]; *Medina v R.M. Resources*, 107 AD3d at 861). In opposition, the plaintiff Joseph Bennett, as guardian of the injured plaintiff (hereinafter the appellant), failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Biafora v City of New York*, 27 AD3d 506, 507 [2006]; *Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 344 [2003]). To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to supervise or control the methods or materials of a plaintiff's work (*see Pacheco v Smith*, 128 AD3d 926 [2015]; *Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it " 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*Rojas v Schwartz*, 74 AD3d at 1047, quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where a plaintiff's injures are alleged to have been caused by defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment dismissing causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both of the foregoing liability standards (*see Reyes*

*v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard." (*Id.*)

Here, the Kirk defendants established, prima facie, both that they did not create or have actual or constructive notice of the condition which allegedly caused the injury to the injured plaintiff, and that they did not have the authority to supervise or control the means and methods of his work (*see DiMaggio v Cataletto*, 117 AD3d 984, 986-987 [2014]). In opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court also properly granted that branch of the motion of the defendants A&LP Construction Co., Inc. (hereinafter A&LP), and Andrew Percoco (hereinafter together the A&LP defendants) which was for summary judgment dismissing the second cause of action insofar as asserted against Percoco individually. That cause of action alleged a failure to provide workers' compensation benefits on the theory that A&LP was engaged in a joint venture with J. Bennett Building, Inc., a corporation owned solely by the injured plaintiff. The A&LP defendants demonstrated, prima facie, that Percoco was not liable in his individual capacity for any such corporate obligation (*see Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 425 [2003]; *Namrod Constr. Co. v F.V.B. Contr. Corp.*, 116 AD2d 556 [1986]). In opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur. ■