JOHN PATRICIO VAZQUEZ, Appellant, v HUMBOLDT SEIGLE LOFTS, LLC, Defendant, and DYNATEC CONTRACTING, INC., Respondent. [42 NYS3d 333]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 6, 2014, which granted the motion of the defendant Dynatec Contracting, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he sustained injuries while working at a construction site when he fell off a defective ladder and then, five days later, fell down an unfinished staircase. The plaintiff commenced this action against the property owner, Humboldt Seigle Lofts, LLC (hereinafter Humboldt), and the construction manager, Dynatec Contracting, Inc. (hereinafter Dynatec), alleging liability under Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence. The plaintiff thereafter obtained a default judgment against Humboldt.

The Supreme Court properly granted those branches of Dynatec's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it. "Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents" (*Fucci v Douglas S. Plotke, Jr., Inc.*, 124 AD3d 835, 836 [2015]; *see Medina v R.M. Resources*, 107 AD3d 859, 860, [2013]). " 'A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured' " (*Delahaye v Saint Anns School*, 40 AD3d 679, 683 [2007], quoting *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]). "It is not a defendant's title that is determinative, but the amount of control or supervision exercised" (*Linkowski v City of New York*, 33 AD3d at 975).

Here, Dynatec established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240

(1) and 241 (6) causes of action insofar as asserted against it by demonstrating that it lacked the authority to supervise or control the plaintiff's work (*see Bennett v Hucke*, 131 AD3d 993, 994 [2015], *affd* 28 NY3d 964 [2016]). Specifically, Dynatec offered evidence indicating that its role at the worksite was to ensure compliance with design plans through weekly visits lasting no more than three hours. In opposition, the plaintiff failed to raise a triable issue of fact (*see Linkowski v City of New York*, 33 AD3d at 975).

The Supreme Court also properly granted those branches of Dynatec's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. " 'Labor Law § 200 [is a codification of] the common-law duty of an owner or [general] contractor to [maintain a safe construction site]' " (*Cooper v State of New York*, 72 AD3d 633, 635 [2010], quoting *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Claims arising under Labor Law § 200 fall into two categories, "namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to supervise or control the methods or materials of a plaintiff's work (*see Pacheco v Smith*, 128 AD3d 926 [2015]; *Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be held liable under Labor Law § 200 if it " 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*Rojas v Schwartz*, 74 AD3d at 1047, quoting *Ortega v Puccia*, 57 AD3d at 61).

Here, Dynatec established its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of actions insofar as asserted against it by submitting evidence demonstrating that it did not control the methods or materials of the plaintiff's work, did not create the dangerous conditions that allegedly caused the accidents, and did not have actual or constructive notice of the dangerous conditions (*see Bennett v Hucke*, 131 AD3d at 996). Specifically, Dynatec's submissions established that it did not provide any materials or safety equipment,

perform any work at the construction site, or hire any of the subcontractors that were responsible for those activities. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Dynatec's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.