RODHOLFO HAIDHAQI et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants, and F&S CONTRACTING, LLC, Appellant. (And a Third-Party Action.) [62 NYS3d 408]—

In an action to recover damages for personal injuries, etc., the defendant F&S Contracting, LLC, appeals from an order of the Supreme Court, Kings County (Schack, J.), dated August 3, 2015, which denied, as premature, its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant F&S Contracting, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On June 24, 2013, the plaintiff Rodholfo Haidhaqi (hereinafter the plaintiff) allegedly sustained injuries while working at a Metropolitan Transportation Authority (hereinafter MTA) project for the rehabilitation of the Culver Viaduct in Brooklyn (hereinafter the Culver Viaduct Project). Specifically, the plaintiff, while painting an elevated steel beam, allegedly was pinned between the railing of the boom lift he was using and the beam. The plaintiff's employer, Fox Industries, Ltd. (hereinafter Fox Industries), was the contractor responsible for the Culver Viaduct Project pursuant to a contract entered into with the defendant MTA (hereinafter contract No. C-42000).

The defendant F&S Contracting, LLC (hereinafter F&S Contracting), had been retained by the MTA, under a separate contract (hereinafter contract No. A35994/A-36086), as the general contractor for a different project involving the rehabilitation of the elevated subway station at the intersection of Smith Street and 9th Street in Brooklyn (hereinafter the Smith & 9th Project), which is located on part of the Culver Viaduct.

The plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240, and 241 (6). Prior to the completion of discovery, F&S Contracting moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Only the plaintiffs opposed the motion, which the Supreme Court denied pursuant to CPLR 3212 (f) as premature. We reverse.

F&S Contracting established, prima facie, that the work it performed in connection with the Smith & 9th Project was entirely distinct from, and unrelated to, the injury-producing work, which was part of the Culver Viaduct Project. In any event, F&S Contracting established, prima facie, that it discontinued its work on the Smith & 9th Project on May 6, 2013, before the subject accident occurred. Inasmuch as F&S Contracting was not an owner, contractor, or agent involved in the Culver Viaduct Project, had no responsibility for procuring or supplying the allegedly defective boom lift involved in the accident, and exercised no supervision or control over the plaintiff's work, it follows that F&S Contracting could not be held liable under any theory of liability asserted in the complaint (*see* Labor Law §§ 200, 240, 241; *see also Vazquez v Humboldt Seigle Lofts, LLC*, 145 AD3d 709 [2016]; *Bennett v Hucke*, 131 AD3d 993 [2015]; *Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718 [2014]).

In opposition to F&S Contracting's prima facie showing, the plaintiffs failed to raise a triable issue of fact, and argued only that the motion should be denied as premature. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (*Reynolds v Avon Grove Props.*, 129 AD3d 932, 933 [2015]; *see Burlington Ins. Co. v Casur Corp.*, 123 AD3d 965, 965-966 [2014]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion. Rather, there must be "some evidentiary basis . . . to suggest that discovery may lead to relevant evidence" (*Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]). Here, the plaintiffs failed to make the requisite showing.

Accordingly, the Supreme Court should have granted F&S Contracting's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Chambers, J.P., Hinds-Radix, Barros and Brathwaite Nelson, JJ., concur.