Cusumano v AM&G Waterproofing, LLC (2018 NY Slip Op 02767)





Cusumano v AM&G Waterproofing, LLC


2018 NY Slip Op 02767


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00516
 (Index No. 505809/15)

[*1]Joseph Cusumano, et al., plaintiffs-respondents,
v
AM & G Waterproofing, LLC, appellant, Channel Club Condominium, et al., defendants-respondents, et al., defendant.


Leon R. Kowalski (McGaw, Alventosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for appellant.
Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for plaintiffs-respondents.
Nicoletti Gonson Spinner LLP, New York, NY (Benjamin N. Gonson of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant AM & G Waterproofing, LLC, appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated November 1, 2016. The order denied, as premature, the motion of the defendant AM & G Waterproofing, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant AM & G Waterproofing, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241(6). Allegedly, the plaintiff Joseph Cusumano, while performing work for his employer, nonparty Remco Maintenance, LLC (hereinafter Remco), on a construction project at 455 East 86th Street in Manhattan (hereinafter the subject property), was standing on a ladder when he was "caused to be precipitated to the ground," resulting in personal injuries.
Prior to the completion of discovery, the defendant AM & G Waterproofing, LLC (hereinafter AM & G), moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, AM & G submitted, inter alia, the affidavit of its chief financial officer, Thomas Hussey. Hussey asserted that AM & G never contracted any work to Cusumano's employer, Remco, that AM & G had completed its work on the project at the subject property and was off the project for at least seven months before Cusumano's alleged fall, and that all its equipment had been removed from the job site months before the alleged incident. In an order dated November 1, 2016, the Supreme Court denied, as premature, the motion, with leave to renew [*2]upon the completion of discovery. AM & G appeals.
AM & G established its prima facie entitlement to judgment as a matter of law. Through the evidence it presented in support of its motion, AM & G established, prima facie, that it could not be held liable under any theory of liability asserted in the complaint (see Labor Law §§ 200, 240, 241; see also Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709; Bennett v Hucke, 131 AD3d 993, affd 28 NY3d 964; Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718). AM & G demonstrated, prima facie, that it was not an owner, contractor, or agent with regard to Cusumano's work, it had no authority to supervise or control Cusumano's work, it did not supply the ladder from which Cusumano fell, and it had no control over the work site.
The parties opposing the motion failed to raise a triable issue of fact. The main argument raised in opposition to the motion was that it was premature. "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]; Ingram v Bay Ridge Auto. Mgt. Corp., 145 AD3d 672, 672-673). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310 [internal quotation marks omitted]; see Rungoo v Leary, 110 AD3d 781, 783). Here, the parties opposing the motion failed to make the requisite showing (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d at 1329).
Accordingly, the Supreme Court should have granted AM & G's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court