■ WILLIAM A. CANAVAN, Respondent, v CHASE MANHATTAN BANK, N. A., Appellant. [651 NYS2d 916] —In an action, *inter alia*, for a judgment declaring that the defendant's method of calculating interest is contrary to the terms of the plaintiff's mortgage loan agreement, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered February 29, 1996, as denied its motion to dismiss the complaint for, among other things, failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), our well-settled task is to determine whether, 'accepting as true the factual averments of the complaint, plaintiff

can succeed upon any reasonable view of the facts stated' " (*Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 318, quoting *People v New York City Tr. Auth.*, 59 NY2d 343, 348). Further, such a motion will be denied in its entirety where the complaint asserts several causes of action, at least one of which is legally sufficient and where the motion is aimed at the pleading as a whole without particularizing the specific causes of action sought to be dismissed (*see, Huntsman Chem. Corp. v Tri/ Insul Co.*, 183 AD2d 1002; *Halpern v Halpern*, 109 AD2d 818).

Here, the defendant's motion is aimed at the plaintiff's complaint as a whole and must be denied in its entirety because the complaint asserts at least one cause of action which is legally sufficient. The complaint contains sufficient factual allegations to sustain a cause of action for a declaratory judgment as to the rights of the parties under the loan agreement.

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.