Gooden v EAN Holdings, LLC (2020 NY Slip Op 08043)





Gooden v EAN Holdings, LLC


2020 NY Slip Op 08043


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-08346
 (Index No. 519549/2017)

[*1]Cardette M. Gooden, appellant,
v
EAN Holdings, LLC, et al., respondents.


Koenigsberg & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 21, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff alleges that she was a pedestrian crossing Linden Boulevard in Brooklyn when she was struck by a pick-up truck that was turning left onto Linden Boulevard from Ashford Street. She commenced this action against the driver of the truck, the defendant Barry H. Edelstein, his employer, the defendant Keystone Automotive Industries, Inc., and the owners of the truck, the defendants EAN Holdings, LLC, LKQ Corporation, and Enterprise Rent A Center. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied this motion, and the plaintiff appeals.
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through her own affidavit, which demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendants' vehicle failed to yield the right-of-way and struck her (see Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632; Rosenblatt v Venizelos, 49 AD3d 519, 520).
In opposition, the defendants failed to raise a triable issue of fact. Edelstein's affidavit contradicted his admission immediately following the accident, as reflected in a police accident report. This affidavit was a belated attempt to avoid the consequences of his earlier admission by raising a feigned issue and was insufficient to raise a triable issue of fact (see Odetalla v Rodriguez, 165 AD3d 826, 827).
Furthermore, the plaintiff's motion was not premature because the defendants failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or [*2]that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d at 632).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court