Festagallo v Mandelbaum (2023 NY Slip Op 00651)

Festagallo v Mandelbaum

2023 NY Slip Op 00651

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01398
 (Index No. 509961/20)

[*1]Katherine Festagallo, respondent,
v
Chana Mandelbaum, et al., appellants.

Martyn, Martyn, Smith, Murray & Yong (Correia, King, Fodera, McGinnis & Liferidge, White Plains, NY [Nigeria S. Aljure], of counsel), for appellants.
Bruce A. NewBorough, P.C., Brooklyn, NY (Thomas Torto and Jason Levine of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 28, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff pedestrian allegedly was injured when she was struck by a vehicle operated by the defendant Chana Mandelbaum and owned by the defendant Israeibcda Mandelbaum. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
Prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated January 28, 2021, the Supreme Court, among other things, granted that branch of the motion. The defendants appeal.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Wray v Galella, 172 AD3d 1446, 1447, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033-1034). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325; Jackson v Klein, 203 AD3d 1147; Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1081; Odetalla v Rodriguez, 165 AD3d 826, 827).
Contrary to the defendants' contentions, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, which demonstrated that she was walking within a crosswalk, with a pedestrian signal in her favor, when the defendants' vehicle failed to yield the right-of-way and struck her (see Gooden [*2]v EAN Holdings, LLC, 189 AD3d 1552, 1552; Maliakel v Morio, 185 AD3d at 1019; Hai Ying Xiao v Martinez, 185 AD3d 1014, 1015; Gaston v Vertsberger, 176 AD3d 919, 919-920; Lazarre v Gragston, 164 AD3d 574, 575). In opposition, the defendants failed to raise a triable issue of fact.
Contrary to the defendants' contention, the plaintiff's motion was not premature. The defendants "failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff" (Gooden v EAN Holdings, LLC, 189 AD3d at 1552-1553; see CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff's motion" (Lazarre Gragston, 164 AD3d at 575).
In light of our determination, we need not reach the defendants' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court