Hempstead Hous. Auth. v Middle County Resources Mgt., Inc. (2023 NY Slip Op 02299)

Hempstead Hous. Auth. v Middle County Resources Mgt., Inc.

2023 NY Slip Op 02299

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-00841
 (Index No. 610877/19)

[*1]Hempstead Housing Authority, respondent, 
v
Middle County Resources Management, Inc., et al., appellants, et al., defendants.

C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for appellants.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendants Middle County Resources Management, Inc., Middle County Resources Management-Parkside, LLC, and Dan Hester appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered January 9, 2020. The order granted the plaintiff's motion for a preliminary injunction and denied the motion of the defendants Middle County Resources Management, Inc., Middle County Resources Management-Parkside, LLC, and Dan Hester, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against Middle County Resources Management, Inc., Middle County Resources Management-Parkside, LLC, and Dan Hester (hereinafter collectively the MCRM defendants), and D & F Development Group, LLC, and PGV, LLC (hereinafter together the stakeholder defendants), to impose a constructive trust upon certain funds held by the stakeholder defendants in connection with the redevelopment of the Parkside Garden Villas housing project in the Town of Hempstead. Thereafter, the plaintiff moved for a preliminary injunction, among other things, enjoining the stakeholder defendants from releasing the subject funds to the MCRM defendants. The MCRM defendants opposed the motion and moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that a prior, similar action was pending between the parties, and for failure to state a cause of action. The Supreme Court granted the plaintiff's motion and denied the MCRM defendants' motion. The MCRM defendants appeal.
The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1167; Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123). To obtain a preliminary injunction, a party must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable harm unless the injunction is granted, and (3) that the equities are balanced in its favor (see Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 [*2]AD3d at 1166-1167; Herczl v Feinsilver, 153 AD3d 1338, 1338). Under the circumstances of this case, the Supreme Court's decision to grant the plaintiff's motion for a preliminary injunction was not an improvident exercise of discretion.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959; see Whitney v Whitney, 57 NY2d 731, 732). Here, the MCRM defendants failed to demonstrate that the prior action remained pending at the time the plaintiff commenced the instant action, and therefore the Supreme Court providently exercised its discretion in denying that branch of the MCRM defendants' motion which was to dismiss the complaint insofar as asserted against them on this ground.
Finally, the Supreme Court properly denied that branch of the MCRM defendants' motion which sought dismissal pursuant to CPLR 3211(a)(7), since the MCRM defendants failed to meet their burden of establishing that the complaint failed to state a viable cause of action (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Canavan v Chase Manhattan Bank, N.A., 234 AD2d 494, 495; Paulsen v Paulsen, 148 AD2d 685, 686).
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court