Hope v Our Holy Redeemer R.C. Church (2023 NY Slip Op 04197)

Hope v Our Holy Redeemer R.C. Church

2023 NY Slip Op 04197

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06626
 (Index No. 609012/19)

[*1]Andrea Hope, appellant, 
v
Our Holy Redeemer Roman Catholic Church, respondent.

Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Clifford D. Gabel of counsel), for appellant.
Bartlett, LLP, Central Islip, NY (Robert G. Vizza of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a clerk's judgment of the Supreme Court, Nassau County, entered July 27, 2020. The clerk's judgment, upon an order of the same court (Denise L. Sher, J.) entered June 16, 2020, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff, dismissing the complaint.
ORDERED that the clerk's judgment is affirmed, with costs.
"An out-of-possession landlord is not liable for injuries that occur on leased premises 'unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct' to perform the relevant maintenance or repairs" (Cali Dev. Corp. v Church Side Realty, LLC, 208 AD3d 451, 452, quoting Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007). Here, the plaintiff alleged that she was ascending a stairway leading from the basement to the first floor of the subject premises when a tread cover became dislodged, and she did not allege a violation of a statute. In support of its motion, the defendant landlord established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord which retained no control over the premises where the plaintiff's accident occurred, and had assumed no duty to maintain the premises or make repairs by contract or course of conduct, by submitting copies of the pleadings and the subject lease, as well as an affidavit of its representative, who had knowledge of the subject lease and the area where the accident occurred (see Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820, 821; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). In opposition to the defendant's prima facie showing, the plaintiff failed to [*2]raise a triable issue of fact (see Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d 1617, 1618; Michaele v Steph-Leigh Assoc., LLC, 178 AD3d at 821; Chery v Exotic Realty, Inc., 34 AD3d 412, 413).
Contrary to the plaintiff's contention, the defendant's motion was not premature. The plaintiff failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the defendant (see CPLR 3212[f]; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1553; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff's motion'" (Festagallo v Mandelbaum, 213 AD3d 741, 742, quoting Lazarre v Gragston, 164 AD3d 574, 575).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court