Mitchell v 148th St. Jamaica Condominium (2023 NY Slip Op 05497)

Mitchell v 148th St. Jamaica Condominium

2023 NY Slip Op 05497

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-02673
 (Index No. 709899/18)

[*1]Christopher Mitchell, respondent, 
v
148th Street Jamaica Condominium, et al., defendants, Omega Scaffolding, et al., appellants.

Cozen O'Connor, New York, NY (Alison Berson and Daniel J. Goodstadt of counsel), for appellant Omega Scaffolding.
Fuchs Rosenzweig PLLC, New York, NY (Valerie Prizimenter and Anthony J. Loman of counsel), for appellant Triera Contracting, Inc.
Law Office of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Omega Scaffolding and Triera Contracting, Inc., separately appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 5, 2021. The order, insofar as appealed from by the defendant Omega Scaffolding, denied its motion for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Triera Contracting, Inc., denied that branch of its cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from by the defendant Omega Scaffolding; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Triera Contracting, Inc., on the law, and that branch of the cross-motion of the defendant Triera Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Omega Scaffolding, and one bill of costs is awarded to the defendant Triera Contracting, Inc., payable by the plaintiff.
In June 2018, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell from a scaffold while "working within" a building on a construction site. The complaint asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Before depositions had been conducted, the defendant Omega Scaffolding (hereinafter Omega) moved for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Triera Contracting, Inc. (hereinafter [*2]Triera), cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered April 5, 2021, the Supreme Court, among other things, denied the motion and that branch of the cross-motion. Omega and Triera separately appeal.
The Supreme Court erred in denying Omega's motion and that branch of Triera's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that they were premature. When opposing a motion for summary judgment on the ground that it is premature, the nonmoving party must "offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the [movant]" (Festagallo v Mandelbaum, 213 AD3d 741, 742 [internal quotation marks omitted]; see CPLR 3212[f]; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1553). Here, the plaintiff failed to offer any evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion and the cross-motion were exclusively with the knowledge and control of Omega and Triera. Rather, in opposition, the plaintiff conclusorily asserted that the motion and the cross-motion were premature because Omega and Triera "have not provided any responses to [the] plaintiff's discovery demands and . . . depositions in this matter have not yet been completed." Thus, we consider the merits of the motion and the subject branch of the cross-motion.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Alberici v Gold Medal Gymnastics, 197 AD3d 540, 543). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704 [internal quotation marks omitted]). "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Southerton v City of New York, 203 AD3d 977, 979 [internal quotation marks omitted]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318; Linkowski v City of New York, 33 AD3d 971, 974-975).
Here, Triera established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it by demonstrating, through an affidavit from its president and several corroborating business documents, that it had no supervisory control or authority over the work being done where the plaintiff allegedly was injured, since Triera erected scaffolding only on the exterior of the building (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709, 710-711). For the same reason, Triera also established, prima facie, that it could not be held liable under a common-law theory of negligence for improper installation of the scaffold from which the plaintiff allegedly fell (see Tomyuk v Junefield Assoc., 57 AD3d 518, 521-522). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Triera's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it.
However, Omega failed to establish its prima facie entitlement to judgment as a matter of law because it submitted only a self-serving and conclusory affidavit from its president in support of its motion (see TDS Leasing, LLC v Tradito, 148 AD3d 1079, 1081; Thorne v Cauldwell Terrace Constr. Corp., 63 AD3d 826, 827; Griffin v Wilkarm Props., 218 AD2d 639, 640). [*3]Accordingly, Omega's motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court