Melis v Blake Stone, LLC (2024 NY Slip Op 02696)

Melis v Blake Stone, LLC

2024 NY Slip Op 02696

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-07691
2022-00646
 (Index No. 607706/20)

[*1]James Melis, respondent, 
v
Blake Stone, LLC, appellant, et al., defendants.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, tortious interference with contract, and conversion, and for an accounting, the defendant Blake Stone, LLC, appeals from (1) an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated September 16, 2021, and (2) an order of the same court dated January 6, 2022. The order dated September 16, 2021, insofar as appealed from, denied those branches of the motion of the defendant Blake Stone, LLC, which were pursuant to CPLR 3211(a)(4) to dismiss the first through third and fifth through seventh causes of action insofar as asserted against it or, in the alternative, for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it. The order dated January 6, 2022, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated September 16, 2021, denying those branches of that defendant's motion which were pursuant to CPLR 3211(a)(4) to dismiss the first through third and fifth through seventh causes of action insofar as asserted against it or, in the alternative, for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it.
ORDERED that the appeal from the order dated September 16, 2021, is dismissed, as that order was superseded by the order dated January 6, 2022, made upon reargument; and it is further,
ORDERED that the order dated January 6, 2022, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated September 16, 2021, denying those branches of the motion of the defendant Blake Stone, LLC, which were for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it, and substituting therefor a provision, upon reargument, vacating that determination in the order dated September 16, 2021, and thereupon, granting those branches of the motion; as so modified, the order dated January 6, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Blake Stone, LLC.
The plaintiff owned real property in Sag Harbor (hereinafter the property). In 2013, JPMorgan Chase Bank, National Association, commenced an action to foreclose a mortgage on the property (hereinafter the foreclosure action). In July 2019, the Supreme Court entered a judgment [*2]of foreclosure and sale, inter alia, confirming a referee's report and directing the sale of the property. On January 7, 2020, the property was sold to the defendant Blake Stone, LLC (hereinafter Blake Stone), at a public auction held by the referee appointed in the foreclosure action, and title was conveyed to Blake Stone by referee's deed dated October 7, 2020.
In June 2020, the plaintiff commenced this action against, among others, Blake Stone, inter alia, to recover damages for trespass, tortious interference with contract, and conversion, and for an accounting. The complaint alleged, among other things, that Blake Stone interfered with the plaintiff's ownership interest in the property by taking possession of the property prior to the issuance of the referee's deed and by leasing the property to the defendant Ruth Hungerford. In April 2021, Blake Stone moved, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the first through third and fifth through seventh causes of action insofar as asserted against it or, in the alternative, for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it. In an order dated September 16, 2021, the Supreme Court, among other things, denied those branches of Blake Stone's motion. Thereafter, Blake Stone submitted a motion denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, inter alia, those branches of its prior motion which were pursuant to CPLR 3211(a)(4) to dismiss the first through third and fifth through seventh causes of action insofar as asserted against it or, in the alternative, for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it. In an order dated January 6, 2022, the court, among other things, in effect, granted reargument and, upon reargument, adhered to its determination in the order dated September 16, 2021, denying those branches of Blake Stone's prior motion.
Upon, in effect, reargument, the Supreme Court properly adhered to its determination denying that branch of Blake Stone's motion which was pursuant to CPLR 3211(a)(4) to dismiss the first through third and fifth through seventh causes of action insofar as asserted against it. "Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959; see Whitney v Whitney, 57 NY2d 731, 732; Hempstead Hous. Auth. v Middle County Resources Mgt., Inc., 216 AD3d 621, 622). Here, the foreclosure action was no longer pending at the time that Blake Stone made its motion, as the judgment of foreclosure and sale had been issued and the property was transferred to Blake Stone by a referee's deed six months before Blake Stone made its motion (see Forbes v Aaron, 81 AD3d 876, 877). Moreover, there was no sufficiently substantial identity of the parties between the two actions, and "the subject matter of the two actions, although related, [was] not sufficiently similar to warrant the dismissal of the complaint in this action insofar as asserted against [Blake Stone]" (Jaber v Elayyan, 168 AD3d 693, 694). The relief sought in each action was different, and the resolution of the foreclosure action did not resolve the plaintiff's claims regarding the property in this action (see id.).
However, the Supreme Court erred in, upon, in effect, reargument, adhering to its prior determination denying that branch of Blake Stone's motion which was for summary judgment dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it based on the plaintiff's allegation that Blake Stone leased the property and collected rent between the date of the foreclosure auction and the issuance of the referee's deed. As an initial matter, contrary to the court's determination, Blake Stone's motion for summary judgment was not premature. When opposing a motion for summary judgment on the ground that it is premature, the nonmoving party must "offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the [movant]" (Festagallo v Mandelbaum, 213 AD3d 741, 742 [internal quotation marks omitted]; see CPLR 3212[f]; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1553). Here, the plaintiff failed to offer any evidentiary basis to suggest that additional discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively with the knowledge and control of Blake Stone. Thus, we consider the merits of this branch of Blake Stone's motion.
"[T]o establish a cause of action [to recover damages for] conversion, the plaintiff [*3]must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights" (Independence Discount Corp. v Bressner, 47 AD2d 756, 757; see Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 956). Here, Blake Stone established its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for conversion and for an accounting insofar as asserted against it by demonstrating, through an affidavit from its managing member, that it did not lease the property to Hungerford or to anyone else and that it never collected rent on the property or received any money from anyone for the use and occupancy of the property. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, upon reargument, the Supreme Court should have vacated this determination in the order dated September 16, 2021, and thereupon, granted that branch of Blake Stone's prior motion which was for summary judgment dismissing those causes of action insofar as asserted against it.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court