Hernandez v Malchus B'Chesed, LLC (2025 NY Slip Op 00652)

Hernandez v Malchus B'Chesed, LLC

2025 NY Slip Op 00652

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-01037
 (Index No. 504656/19)

[*1]Javier Hernandez, respondent, 
v
Malchus B'Chesed, LLC, appellant (and a third-party action).

Black Marjieh & Sanford LLP, Elmsford, NY (Michael J. Driscoll, Sheryl A. Sanford, and John M. Collins of counsel), for appellant.
Zaremba Brown PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Scott Lockwood], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 1, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Malchus B'Chesed, LLC (hereinafter Malchus), to recover damages for personal injuries that he allegedly sustained when he tripped and fell on a loading dock of a supermarket where he was employed. Malchus owned the premises and leased a portion to Hatzlacha Supermarket, Inc. (hereinafter Hatzlacha), which operated the supermarket. The plaintiff testified at his deposition that he tripped on broken and uneven concrete. Malchus moved, inter alia, for summary judgment dismissing the complaint. In an order dated December 1, 2022, the Supreme Court, among other things, denied that branch of Malchus's motion. Malchus appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800 [internal quotation marks omitted]; see Cicio v Kingswood Props., LLC, 224 AD3d 656, 657; Hope v Our Holy Redeemer R.C. Church, 219 AD3d 595, 595). Here, since the complaint sounds in common-law negligence and the pleadings do not allege a violation of a statute, Malchus could not be held liable unless it owed a duty assumed by contract or a course of conduct (see Cicio v Kingswood Props., LLC, 224 AD3d at 657; Hope v Our Holy Redeemer R.C. Church, 219 AD3d at 595).
Contrary to Malchus's contention, it failed to establish, prima facie, that it had no obligation by contract or a course of conduct to maintain the loading dock. The language of the lease was ambiguous, and the deposition testimony of Hatzlacha's general manager contradicted the [*2]deposition testimony of an owner of Malchus regarding who bore the responsibility for repairing the concrete surface of the loading dock (see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1106). Further, Malchus failed to demonstrate, prima facie, that it relinquished control over the premises to such a degree as to extinguish any duty it owed to maintain the premises (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 12, 17; Fernandez v Town of Babylon, 72 AD3d 636, 638).
Moreover, in opposition to Malchus's prima facie showing that it did not have notice of the allegedly defective condition of the concrete surface of the loading dock, the plaintiff raised a triable issue of fact regarding whether Malchus had constructive notice of the defect based on how long it had been present (see Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639).
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court