Novegil-Peralta v Rettig (2025 NY Slip Op 04255)

Novegil-Peralta v Rettig

2025 NY Slip Op 04255

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-08117
 (Index No. 622857/18)

[*1]Jilver Armando Novegil-Peralta, appellant,
v
Gary Rettig, et al., respondents, et al., defendants.

Tumelty & Spier, LLP, New York, NY (John Tumelty of counsel), for appellant.
Corallo & Corallo, Amityville, NY (Gerald A. Corallo of counsel), for respondents Gary Rettig and Laura Rettig, Ltd.
Gallo Vitucci Klar, LLP, New York, NY (C. Briggs Johnson of counsel), for respondent Bullrock Concrete Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated September 30, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Bullrock Concrete Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion of the defendants Gary Rettig and Laura Rettig, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Gary Rettig, denied the plaintiff's cross-motion to compel the production of certain discovery, and, in effect, granted the application of the defendants Gary Rettig and Laura Rettig, Ltd., pursuant to CPLR 3103 for a protective order with regard to the plaintiff's notice for discovery and inspection dated March 22, 2021.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the application of the defendants Gary Rettig and Laura Rettig, Ltd., pursuant to CPLR 3103 for a protective order with regard to the plaintiff's notice for discovery and inspection dated March 22, 2021, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured in March 2015 when he fell from a ladder while working on a construction project at a property owned by the defendant Laura Rettig, Ltd. (hereinafter LRL). At the time of the accident, the plaintiff was employed by Prestige Custom Builders (hereinafter Prestige), which had been hired by LRL to perform the framing work for the construction project. The plaintiff commenced this action against LRL, the defendant Gary Rettig, and the defendant Bullrock Concrete Corp. (hereinafter Bullrock), among others, to recover damages [*2]for violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Bullrock moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. LRL and Rettig (hereinafter together the Rettig defendants) moved, among other things, for summary judgment dismissing the complaint insofar as asserted against Rettig. The plaintiff cross-moved to compel the production of certain discovery. In an attorney's affirmation in further support of their summary judgment motion and in opposition to the plaintiff's cross-motion, the Rettig defendants requested the issuance of a protective order pursuant to CPLR 3103 with regard to the plaintiff's notice for discovery and inspection dated March 22, 2021 (hereinafter the March 2021 discovery demand). In an order dated September 30, 2021, the Supreme Court granted that branch of Bullrock's motion, granted that branch of the Rettig defendants' motion, denied the plaintiff's cross-motion, and, in effect, granted the Rettig defendants' application pursuant to CPLR 3103 for a protective order with regard to the March 2021 discovery demand. The plaintiff appeals.
The Supreme Court properly granted that branch of Bullrock's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "'Labor Law § 200 codifies the common law duty . . . to provide employees with a safe place to work'" (Titov v V & M Chelsea Prop., LLC, 230 AD3d 614, 617, quoting Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841). "Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704 [internal quotation marks omitted]; see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 598). "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]). Labor Law §§ 200, 240, and 241 permit the imposition of liability on owners, contractors, and their agents (see id.; Morton v State of New York, 15 NY3d 50, 55; Tito v V & M Chelsea Prop., LLC, 230 AD3d at 617; Thorpe v One Page Park, LLC, 208 AD3d 818, 820). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Southerton v City of New York, 203 AD3d 977, 979 [internal quotation marks omitted]; see Mitchell v 148th St. Jamaica Condominium, 221 AD3d at 598). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Southerton v City of New York, 203 AD3d at 979 [internal quotation marks omitted]; see Seem v Premier Camp Co., LLC, 200 AD3d 921, 926).
Here, Bullrock established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it by demonstrating that it was not the owner, general contractor, or an agent of the owner or general contractor, and that it had no supervisory control or authority over the work being done where the plaintiff allegedly was injured (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d at 598; Southerton v City of New York, 203 AD3d at 979). In support of its motion, Bullrock submitted, inter alia, an affidavit of its president, invoices for the work Bullrock performed on the construction project, and transcripts of the plaintiff's and of Rettig's deposition testimony, which demonstrated that Bullrock was not the general contractor for the construction project, that it was not present at the construction site on the day of the accident, that it had no supervisory control or authority over the work being done by the plaintiff, and that it did not provide any ladder or any other equipment or tools to the plaintiff. The evidence further demonstrated that Prestige provided all of the ladders, equipment, and tools used by the plaintiff, and that Prestige directed the plaintiff's work at all times. This evidence also established, prima facie, that Bullrock could not be held liable under a common-law theory of negligence (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d at 598; Southerton v City of New York, 203 AD3d at 979-980). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the Rettig defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Rettig. The Rettig defendants demonstrated, prima facie, that Rettig was not an owner, general contractor, or an [*3]agent of the owner or general contractor, and that Rettig had no supervisory control or authority over the work being done where the plaintiff allegedly was injured. In support of their motion, the Rettig defendants submitted, among other things, Rettig's affidavit and transcripts of Rettig's and of the plaintiff's deposition testimony. The Rettig defendants' submissions established that LRL contracted with Prestige, the plaintiff's employer, to perform the framing work for the construction project, that Rettig's involvement with the construction project was solely in the capacity of a corporate officer of LRL, that Rettig had no supervisory authority or control over the work being performed by the plaintiff, and that Rettig was not at the construction site on the date of the accident. In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly denied the plaintiff's cross-motion to compel the production of certain discovery. "'A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment'" (Rosenblum v City of New York, 230 AD3d 1175, 1175, quoting Malester v Rampil, 118 AD3d 855, 856). However, "[w]hen opposing a motion for summary judgment on the ground that it is premature, the nonmoving party must offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the movant" (Mitchell v 148th St. Jamaica Condominium, 221 AD3d at 597 [alteration and internal quotation marks omitted]). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the . . . motion'" (Festagallo v Mendelbaum, 213 AD3d 741, 742, quoting Lazarre v Gragston, 164 AD3d 574, 575). Here, the plaintiff failed to offer an evidentiary basis for the proposition that the requested discovery may lead to relevant evidence, or that facts essential to opposing the respective summary judgment motions were exclusively within the knowledge and control of LRL (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d at 597; Festagallo v Mendelbaum, 213 AD3d at 742).
"A party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958 [internal quotation marks omitted]). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome" (Venables v Rovegno, 195 AD3d 876, 879 [alteration and internal quotation marks omitted]; see Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d at 958). The March 2021 discovery demand, which was served by the plaintiff simultaneously with his opposition to Bullrock's and the Rettig defendants' respective motions for summary judgment, largely pertained to new and materially different theories of liability from those pleaded in the complaint and the bill of particulars (see Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836). Accordingly, the Supreme Court providently exercised its discretion in, in effect, granting the Rettig defendants' application pursuant to CPLR 3103 for a protective order with regard to the March 2021 discovery demand (see Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d at 958; Smulczeski v Smulczeski, 128 AD3d 671, 672; Fried v Jacob Holding, LLC, 110 AD3d 56, 65-66).
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court