Bank of Am., N.A. v Greenfield (2026 NY Slip Op 00764)

Bank of Am., N.A. v Greenfield

2026 NY Slip Op 00764

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-07419
2023-12115
 (Index No. 526783/22)

[*1]Bank of America, N.A., respondent,
vMoses Greenfield, appellant.

Bronstein, Gewirtz & Grossman, LLC, New York, NY (Edward N. Gewirtz of counsel), for appellant.
Meyer and Landis LLP, New York, NY (David B. Grantz of counsel), for respondent.

DECISION & ORDER
In an action to recover on a personal guaranty, the defendant appeals from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated May 15, 2023, and (2) an order and judgment (one paper) of the same court dated October 18, 2023. The order, after a hearing to determine the validity of service of process upon the defendant, in effect, denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint. The order and judgment, upon an order of the same court dated September 21, 2023, granting the plaintiff's motion for summary judgment on the complaint and denying the defendant's cross-motion pursuant to CPLR 3211(a)(4) to dismiss the complaint, granted the same relief to the plaintiff and is in favor of the plaintiff and against the defendant in the total sum of $2,774,431.16.
ORDERED that the appeal from the order dated May 15, 2023, is dismissed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated May 15, 2023, must be dismissed because the right of direct appeal therefrom terminated with entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
In July 2021, the plaintiff commenced an action against Dollar Phone Corp. (hereinafter DPC), the defendant, Moses Greenfield, and several other business entities (hereinafter the prior action). In the amended complaint in the prior action, the plaintiff alleged, inter alia, that DPC had defaulted under the terms of a 2013 commercial line of credit agreement with the plaintiff (hereinafter the loan agreement) and that Greenfield had executed a personal guaranty of DPC's obligations under the loan agreement. In an order dated April 7, 2022, the Supreme Court granted Greenfield's motion to dismiss the amended complaint insofar as asserted against him in the prior action, determining that he had not been properly served with process. In that same order, the court [*2]"afforded [the plaintiff] 120 days from receipt of this order to effectuate and file proper service and proof of service." On May 2, 2022, the plaintiff filed a notice of discontinuance as to Greenfield in the prior action. However, by order dated May 23, 2022, the court determined, among other things, that the notice of discontinuance was invalid. It is undisputed that the plaintiff did not attempt to re-serve Greenfield in the prior action.
In an order and judgment dated June 15, 2023, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants other than Greenfield in the prior action and entered judgment in favor of the plaintiff and against those defendants in the total sum of $2,773,981.28.
Meanwhile, in September 2022, the plaintiff commenced this action against Greenfield to enforce the personal guaranty. Greenfield interposed an answer and asserted several affirmative defenses, including that this action was barred by the pendency of the prior action.
In January 2023, Greenfield moved pursuant to CPLR 3211(a)(8) to dismiss the complaint based on lack of personal jurisdiction. In an order dated May 15, 2023, after a hearing to determine the validity of service of process upon Greenfield, the Supreme Court determined that service of process on Greenfield in this action was valid and, in effect, denied the motion.
In August 2023, the plaintiff moved for summary judgment on the complaint and for a judgment in its favor and against Greenfield in the principal sum of $2,200,000, plus interest, late charges, attorneys' fees, and costs and expenses, for a total sum of $2,824,007.35. Greenfield opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(4) to dismiss the complaint on the ground that the prior action remained pending against him, and thus, the complaint should be dismissed. In an order dated September 21, 2023, the Supreme Court granted the plaintiff's motion to the extent of directing a judgment equal to the total sum of the order and judgment dated June 15, 2023, in the prior action and denied Greenfield's cross-motion. The court issued an order and judgment dated October 18, 2023, granting the same relief to the plaintiff as the order dated September 21, 2023, and in favor of the plaintiff and against Greenfield in the total sum of $2,774,431.16, representing the principal sum of $2,773,981.28, plus disbursements in the amount of $449.88. Greenfield appeals.
"'[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion or a showing of prejudice to a substantial right pursuant to CPLR 2002'" (6 Harbor Park Dr., LLC v Town of N. Hempstead, 230 AD3d 721, 723, quoting Dyszkiewicz v City of New York, 218 AD3d 546, 550). Contrary to Greenfield's contention, here, there is nothing in the record to support a finding that the Supreme Court improvidently exercised its discretion in denying Greenfield's request to admit into evidence at the hearing a compilation of video surveillance footage that Greenfield created for the purpose of the hearing. Further, Greenfield failed to allege that a substantial right was prejudiced pursuant to CPLR 2002. Thus, we decline to disturb the court's evidentiary ruling declining Greenfield's request to admit the subject video footage on this appeal (see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 230 AD3d at 723).
CPLR 3211(a)(4) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against [them] on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state or the United States" (see Quinones v Z & B Trucking, Inc., 220 AD3d 901, 902). However, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211[a][4]). "'Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same'" (Melis v Blake Stone, LLC, 227 AD3d 882, 884-885, quoting DAIJ, Inc. v Roth, 85 AD3d 959, 959).
Here, this action and the prior action possessed a substantial identity of parties and were substantially similar in that they concern the same underlying facts and agreements, and the [*3]relief sought against Greenfield was substantially the same as that sought against him in the prior action. However, as noted by the Supreme Court in its order dated September 21, 2023, Greenfield was not a party to the order and judgment dated June 15, 2023, in the prior action because he had "obtained dismissal of the [p]rior [a]ction against him," and since the plaintiff did not re-serve him in the prior action. Under these circumstances, Greenfield failed to demonstrate that the court improvidently exercised its discretion in denying his cross-motion pursuant to CPLR 3211(a)(4) to dismiss the complaint based on the pendency of the prior action (see Quinones v Z & B Trucking, Inc., 220 AD3d at 902; Hempstead Hous. Auth. v Middle County Resources Mgt., Inc., 216 AD3d 621, 622).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court